WINEBURGH ADVERTISING CO. v. FAUST CO.

(Supreme Court, Appellate Term. December 9, 1908.)

1. LANDLORD AND TENANT (§ 134*)—LEASES—ILLEGAL USE BY LESSEE.
    The lessee of walls of a building for advertising purposes may not injure the lessor by putting up signs of a height or size prohibited by ordinances.
    [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 134.*]

2. LANDLORD AND TENANT (§ 134*)—ESTOPPEL OF LANDLORD.
    Though a lessee of walls of a building for advertising purposes has without objection by the lessor put up signs above the height allowed by ordinance, the lessor is not bound to permit further like abuse.
    [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 134.*]

3. CONTRACTS (§ 328*)—REFUSAL TO PERFORM—DEFENSES.
    Ground for refusal to perform a contract, though unknown when performance was refused, is available as a defense to an action for breach.
    [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 328.*]

4. LANDLORD AND TENANT (§ 132*)—BREACH OF LEASE BY LESSOR—DAMAGES.
    Where the lessor in a lease of the walls of a building to an advertising company for advertising purposes refuses its permission to put up a sign thereon for another, allowing the company the full amount it was to receive for the space, without any deduction for cost of erecting and maintaining the sign, is an improper measure of damages.
    [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 132.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the Wineburgh Advertising Company against the Faust Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Douglas & Armitage, for appellant.
Weill & Weill, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MacLEAN, J.   Between the parties there subsisted a "lease" executed January 18, 1897, demising to the plaintiff, the party of the second part, for advertising purpose only, for the term of three years, all the roof of the building at 1823 Broadway (of which premises the defendant was lessee), "also the right to erect and maintain sign on front of building extending up from top of windows on top floor across entire front of building, also the right to paint advertisements on entire north and south walls," at an annual rental of $1,500 payable monthly in advance.   The rental for the two months involved was paid.   In September the lessee wrote the lessor that it had disposed of the sign space on the front of the building from the lintels of the top floor windows to the cornices, and requested, for filing with the building department, signature of a permission to "erect sheet iron bulletin for advertising privileges on front of building located at 1823 Broadway."   This the defendant did not subscribe, asserting through counsel that the plaintiff by erecting a sign above the permitted height had brought upon the building a "violation" which it wished removed as that jeopardized its own valuable lease, whereby it was bound to compliance with the municipal ordinances, further asserting, in another letter, that the plaintiff had abused its privileges to paint an advertisement on the north wall by projecting a sign to an unpermissible height above the wall.   Alleging damages because of such refusal, the lessee, as plaintiff, has recovered damages on the basis of an agreement made by it for renting the space to another corporation.

Among other things, it was covenanted that the party of the second part, the plaintiff, "shall comply with the rules of the fire underwriters and the municipal authorities."   Because thus coupled and of a reference to running electric wires, the counsel for the plaintiff declares this clause refers only to electric illumination of signs, and that it is not of moment in this action that the plaintiff erected upon the roof a sign over 20 feet in height in violation of the municipal ordinance (No. 144) prohibiting signs over 9 feet above the cornice.   Much time need not be spent upon such interpretation.   Applying a trite maxim, the plaintiff might not use the property, demised to its possession, or licensed to its enjoyment so as to bring injury to its landlord.   Thus, without the covenant for better assurance against misuse, a convenience in a civil action for recoupment of any outlay entailed by noncompliance with the ordinances, disregard whereof brings its penalty first upon the lessor, the lessor was entitled to anticipate and assume as an implied provision in the letting and hiring that the lessee would not affront the statutes or violate ordinances having the force of statutes, and that, if the lessee offended against either, the lessor might resort to the courts for protection or treat the agreement as broken.   The defendant might have enjoined the erection of those signs so soon as it became apparent, or there was proof that their builder was about to exceed the permitted height.   It was not bound to condone the offending or to acquiesce in the lessee's aggression by countenancing its continuance or by granting a further permit for further abuse.

It came out, too, upon the trial that the space sold to the third party and for which the permit was asked was for unallowable dimensions.

By this very fact, though unknown to it at the time of the refusal, the defendant could justify its conduct. "You need give no reason at all," said Bromwell, B., in Cowan v. Milburn, L. R. 2 Ex. 230. "If you refuse to perform your contract and the other party asks why, you may say: 'Go to law, and I will tell you.' And your justification will depend on whether in fact and law he could compel you to perform. Now, it appears that the plaintiff here was going to use the rooms for an unlawful purpose. He therefore could not enforce the contract for that purpose and therefore the defendant was not bound, though he did not know the fact." The respondent's judgment may not stand. It may be noticed, also, that an improper measure of damages was adopted, in that the plaintiff was awarded the full amount it was to receive for the space without deduction for the cost, not a negligible sum, of erecting the sign and its maintenance.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.